COATS, CITY TAX COLLECTOR, *v.* L. B. PRICE MERCANTILE CO.

(Division A.   April 28, 1947.)

[30 So. (2d) 75.   No. 36447.]

**Welch, Cooper & Welch,** of Laurel, for appellant.

**Lotterhos, Travis & Dunn,** of Jackson, for appellee.

**McGehee, J.,** delivered the opinion of the court.

The decree appealed from herein made perpetual an injunction to prevent the appellant, J. C. Coats, Tax Collector of the City of Laurel, from collecting or further attempting to collect, a warehouse privilege tax from the appellee, L. B. Price Mercantile Company, under Sec. 196 of Chap 137, Laws of 1944. That section provides for the payment of a privilege license tax "upon each person operating a warehouse for the purpose of storing goods, wares, merchandise, furniture or other articles (except cotton), as follows:

"In municipalities of classes 1 and 2 ... . $100.00 . . .

"Provided, that any person operating a warehouse and who receives goods on consignment for sale or distribu-

tion, or who acts for another in handling goods for sale or distribution shall pay double the amount of the tax imposed in the above schedule. Provided, however, that where *such public warehouse* is engaged only in the storing of fruits and vegetables which have been raised within a radius of fifty miles of the place where such warehouse is located, the foregoing tax shall not apply." (Italics ours.)

The controlling stipulation in the agreed statement of facts upon which the case was tried, is to the effect that the appellee was not engaged in the business of storing goods, wares, merchandise, furniture, or other articles for the public for hire, or in other words that the taxpayer is not engaged in the business of a public warehouseman.

In 67 C. J., beginning at page 442, Sec. 2, it is stated, among other things, that,

"In a limited sense a warehouse is a place where goods are received in store for profit; the building or place in which a warehouseman deposits the goods of others in the course of his business; and it may be a place owned by the warehouseman or hired by him of a third person or even of the owner of the goods. . . .

"In a broad sense and as used in common parlance, a 'warehouse' is a house used for storing goods, wares and merchandise, whether for the owner or for someone else, whether the same be a public or private warehouse; a place adapted to the reception and storage of goods and merchandise. The term is frequently thus broadly used to indicate a place where the owner of goods stores them until he is ready to put them on the market; . . ."

Then Sec. 3 of the said text states, among other things, that "a 'public warehouse' is a place that is held out to the public as being one where any member of the public who is willing to pay the regular charges, may store his goods and then sell or pledge them by transferring the receipt given him by the keeper or manager. . . ."

It appears that the appellee is a dealer in certain classes of household merchandise which is sold either for

cash or on instalment payments, but is not sold in stores of mercantile establishments; various persons are employed by the appellee as solicitors upon a commission basis; and the appellee maintains a storage place in the City of Laurel, where merchandise of the type handled by it is kept.

We are, therefore, of the opinion that the privilege license tax authorized by said Sec. 196, Chap. 137, Laws 1944, applies to a warehouse in the limited, rather than in the broad, sense mentioned in the text hereinbefore quoted from. Laws imposing privilege or excise taxes are to be construed favorably to the citizen, and such a tax is not to be imposed, unless clearly within the provisions of the taxing statute. That unless the words, "such public warehouse," which we have italicized in quoting the statute in question, makes the tax applicable *only* to such a warehouse, the use of such words at least leaves the question in doubt as to whether the Legislature intended to impose a warehouse privilege tax on a person who stores only his own goods, wares, merchandise, etc., therein; and, therefore, under the decision of Pan-American Petroleum Corp. v. Miller, 154 Miss. 565, 122 So. 393, Stone v. Rogers, 186 Miss. 53, 189 So. 810, and Craig v. Walker, 191 Miss. 424, 2 So. (2d) 806, and the cases cited in the said decisions, the appellant was not entitled to collect the tax here involved, and that the decree of the trial court, in perpetually enjoining the collection thereof is correct, and should be affirmed.

Affirmed.