Craig, State Auditor, et al. *v.* Southern Bell Tel. & Tel. Co.

In Banc. April 24, 1950.

No. 37469 (45 So. (2d) 732)

James **T. Kendall**, Assistant Attorney General, for appellants.

Butler, **Snow** & **O'Mara**, for appellee.

**Hall, J.**

Appellee owns pole lines and conduits within this State upon which it has admittedly paid all privilege taxes required by our laws. It also owns a recently laid coaxial cable, buried underground and not in conduit, which runs practically parallel with one of its pole lines. The State Tax Commission, feeling that this coaxial cable came within the definition of a pole line or conduit within the meaning of our privilege tax laws, demanded taxes thereon at the rate of $15.00 per mile. These taxes

were paid under protest and appellee brought this action to recover the same. From a judgment in appellee's favor the State Auditor and Attorney General have appealed.

Section 9600 of the Mississippi Code of 1942, as amended by Section 28 of Chapter 138 of the Laws of 1944, levies said tax of $15.00 per mile "for each mile of pole line, or conduit operated in this state." It then provides "The term 'pole line' shall include any line of poles, or conduit carrying one or more wire circuits upon which messages are transmitted between exchanges . . .".

In determining whether appellee is liable for the tax on its coaxial cable, which is the sole question presented by this appeal, we should keep in mind that laws imposing privilege taxes are liberally construed in favor of the person sought to be charged with such taxes, and therefore strictly construed as against the claim of the State or any of its political subdivisions. Stone v. M. L. Virden Lumber Company, 205 Miss. 841, 39 So. (2d) 498; Coats v. L. B. Price Mercantile Company, 201 Miss. 871, 30 So. (2d) 75. Moreover, "before one is liable for taxes he must come within the express provisions of the taxing statute." Miller v. Illinois Central R. Co., 146 Miss. 422, 111 So. 558, 559.

We should further keep in mind the principle announced in Singing River Tire Shop v. Stone, Miss., 21 So. (2d) 580, not reported in the State Reports, that when the words of a statute have reference to a business, trade or profession, they should be given the meaning as understood by that business or trade, and as announced in O'Hara v. Luckenbach S. S. Company, 269 U. S. 364, 371, 46 S. Ct. 157, 160, 70 L. Ed. 313, that "if the act is one passed with reference to a particular trade, business, or transaction, and words are used which everybody conversant with that trade, business, or transaction, knows and understands to have a particular meaning in it, then the words are to be construed as having that

particular meaning, though it may differ from the common or ordinary meaning of the words.''

 It is undisputed in the record before us that in the telephone business the words ''cable'' and ''conduit'' each have a well-defined and understood meaning, definite and distinct from each other, and that neither is considered to include the other. It is further undisputed that in the telephone business a cable is an assembly of conductors within an enveloping protective sheath with such structural arrangement of the individual conductors as will permit of their use separately or in groups, that the most commonly used sheath on telephone cables is made of lead, and that these cables may be attached to poles, buildings and walls, or may be installed in ducts of conduit systems, or buried in the ground.

It is further undisputed that in the telephone business a conduit is a structure, usually installed underground, containing one or more ducts or tubes in which cables are installed, that they usually contain more than one duct, that they may be constructed of iron pipe, tile, creosoted wood or other materials, that the type generally used by appellee is made of tile, and that cables can be installed in each of the ducts in the conduit structure without disturbing the surrounding ground.

The record contains photographs of cross-sections of both cables and conduits, and also of cables installed in the ducts of the conduits in accordance with the general practice in the telephone business. These photographs disclose more graphically than mere words can describe the vast difference between a telephone conduit and a telephone cable. The conduits in these photographs are of clay tile, quite similar to the ordinary clay tile used in building construction; each individual piece is apparently about two feet in length, and has partition walls running through it from end to end so as to divide it into several completely separated compartments; these pieces are buried underground, end to end, so that when

a conduit system is completed a. cable may be run through each of separate ducts or channels thus provided. Each cable is a separate unit of insulated conductors bound together with one protective sheath. The coaxial cable here in question is such a cable. It is admitted that it is buried underground and that it is not installed within a conduit. Since. a conduit is designed to enclose and protect one or more cables, and since there is no such enclosure or protection for the coaxial cable involved in this case, the cable alone is plainly not subject to the tax. The tax imposed is not upon a cable but is upon a pole line or a conduit designed for the purpose of carrying cables. If a line of conduit were here involved it would be subject to the tax of $15.00 per mile regardless of how many cables it was designed to carry, but such is not the case presented. We are therefore of the opinion that the decree of the lower court, holding that the uninclosed cable is not subject to the tax and that appellee is entitled to recover the taxes paid thereon under protest, is correct and should be affirmed.

Affirmed.