235 So.2d 684 (1970)
MISSISSIPPI MILK COMMISSION
v.
WINN-DIXIE LOUISIANA, INC.
No. 45825.
Supreme Court of Mississippi.
May 18, 1970.
*685 A.F. Summer, Atty. Gen., Jackson, by John L. Hatcher, Sp. Asst. Atty. Gen., Cleveland, for appellant.
Butler, Snow, O'Mara, Stevens & Cannada, Jackson, for appellee.
BRADY, Justice.
This is an appeal from the Chancery Court of the First Judicial District of Hinds County, Mississippi, wherein the chancellor held that the appellant did not have the authority or power under Mississippi Code 1942 Annotated section 4560-151 (Supp. 1968) or otherwise to impose the condition required under paragraph 2(b) of its finding of fact and order. From that decision this appeal is taken.
Appellant in this case is the Mississippi Milk Commission, an agency of the State of Mississippi, created and existing under the provisions of Mississippi Code 1942 Annotated sections 4560-141 through 4560-170, inclusive (Supp. 1968), which agency shall be hereinafter referred to as the Commission. The appellee is Winn-Dixie Louisiana, Inc., the owner of six stores located in the southern portion of the State of Mississippi, all of which are licensed as stores under the provisions of Mississippi Code 1942 Annotated section 4560-148 (Supp. 1968), which shall be hereinafter collectively referred to as the appellee.
On November 21, 1968, the executive secretary of the Commission filed a petition before the Commission charging the appellee with 6,768 separate violations of Mississippi Code 1942 Annotated section 4560-156 (Supp. 1968) and requesting the Commission to revoke or suspend the license of the appellee, all in accordance with the provision of Mississippi Code 1942 Annotated section 4560-151 (Supp. 1968). The charge was that appellee purchased milk from a supplier at a price less than the minimum fixed by order of the Commission.
On January 9, 1969, the appellee filed a demurrer and a consolidated plea of nolo contendere to the factual allegation in said petition, and on February 19, 1969, the Commission rendered its finding of fact and order holding that appellee was in violation of the pricing order of the Commission. The Commission therefore ordered and decreed as follows:
(1) The license of the appellee No. 69-071 issued to expire on March 31, 1969, and any renewal thereof is hereby revoked, effective ten days from the date a certified copy of this order is served on the appellee.
(2) The Commission does hereby assess a penalty against the appellee in the sum of $35,131 in lieu of the revocation of said license as aforesaid, and in the event said licensee shall pay said penalty to the Commission on or before the effective date of said revocation then the said revocation of said license shall be vacated and the license reinstated.
(3) The Commission further provided that a penalty payment of $31,618 of said penalty was to be suspended and the appellee was to be required to pay only $3,513 thereof provided the appellee shall for a period of twenty-four months from the date of the order comply with the following conditions:
(a) The appellee shall not violate the Commission act, order or rule of the Commission.
(b) All obligations incurred by the appellee shall be paid by check from the appellee to the obligee and not to any other division, subsidiary, affiliated organization, or any other third party (including employees), and shall not be paid through the use of a cashier's check, money order, merchandise, cash (except normal petty cash operations), *686 or any other device other than by company check.
(c) All records pertaining to the sale or purchase of milk in Mississippi shall be available to employees of the Commission for audit or inspection during regular business hours, regardless of their location, and appellee shall advise said employees of the exact location of said records. It is provided further that should the appellee fail to comply with any of the aforesaid conditions during said period of twenty-four months the Commission may, in its sole discretion, revoke the suspension of said penalty and reinstate the license revocation and penalty in full.
Furthermore, the Commission entered this additional order:
The Commission does hereby suspend the payment of $32,496 of said penalty, the licensee [appellee] being required to pay only $2,635 thereof providing that the licensees [appellee] shall for a period of twenty-four months from the date hereof, comply with the following conditions:
(a) The licensee shall not violate the Milk Commission Act or any rule or order of the Commission.
(b) The licensees shall offer for sale to consumers in each store location a minimum of four brands of milk with space provided each brand on an equiable basis according to demand.
(c) A separate account shall be maintained which shall contain only discounts, rebates, and allowances received, and in which all discounts, rebates and allowances shall be entered, and said separate accounts shall be supported by the following information for each receipt: (1) Remitter's name; (2) check number and date; (3) amount of check; and (4) the amount designated for each store location.
(d) All records pertaining to the purchase and sale of milk in Mississippi shall be available to employees of the Commission for audit and inspection during regular business hours, regardless of their location, and licensees shall advise said employees of the exact location of said records.
The order further stipulated that if the appellee shall fail to comply with any of the aforesaid conditions during said period of twenty-four months, the Commission may, in its sole discretion, revoke the suspension of said penalty and reinstate the license revocation and the penalty in full.
It is conceded in the briefs of counsel representing appellant and appellee that this cause is concerned only with that portion of the order dealing with the penalty and the suspension thereof as it relates to paragraph 2(b) of the order hereinabove set out. The appellee appealed to the Chancery Court of the First Chancery Court District of Hinds County, Mississippi, seeking to have the conditions outlined in paragraph 2(b) deleted and declared invalid.
No oral testimony was given and the case was reviewed by the chancellor on the pleadings and arguments of counsel. On September 23, 1969, the chancery court entered its final decree in favor of the appellee adjudicating that paragraph 2(b) of said order was invalid and remanded the cause to the Commission to delete said paragraph from the order. From that decision this appeal is prosecuted. Excellent briefs are filed in this cause.
The appellant concedes in his brief that: "The only question presented here is whether or not the action taken by the Commission, based upon said facts, is a lawful exercise of power or authority by the Commission." The appellee urges in its brief that "the only question involved for decision by the court is the validity *687 of paragraph (2) (b) of the Finding of Fact and Order of the Mississippi Milk Commission." Repeating, the appellee reiterates, "the only question involved is the right or authority of appellant to impose the condition on appellee or, to express it somewhat differently, the validity of paragraph (2) (b) of the Finding of Fact and Order." Thus we have a precise question of law, which is: Did the Commission have the right under the existing statutes enacted by the Legislature to require the appellee to offer for sale to consumers in each store location a minimum of four brands of milk with space provided each brand on an equitable basis according to demand? Appellant urges that just as a circuit judge has the inherent right in criminal cases to sentence someone, he likewise has the inherent right to suspend that sentence and to impose upon the person certain terms of probation and therefore by the same rule of law the Commission should have the same right. There is no merit in this analogous contention for the reason that the legislature expressly specifies the crimes and felonies wherein the circuit court can suspend the sentence and parole convicted defendants. The legislature again has prescribed the prerequisite specific terms of the probation which the circuit courts largely follow. There is a vast gulf of difference between the authority of the circuit court to suspend sentence and grant probation to certain defendants who have been convicted of certain crimes or felonies, in compliance with the statutory directions and requirements prescribed by the legislature, and what the appellant urges and seeks to do in this cause. The distinction is so obvious that no authority is needed in support of this fact. The only section or provision in the Mississippi Milk Commission Act which gives the appellant authority to revoke a license of a licensee or place a monetary penalty on a licensee is found in Mississippi Code 1942 Annotated section 4560-151 (Supp. 1968). The pertinent parts thereof are as follows:
Violation of any provision of this act or any lawful rule, order or regulation of the Commission, the failure or refusal to make required statements, or reports, and aggravated delinquency in the filing of reports or in the payment of fees or in the payment for milk purchased or any of them shall be deemed causes for which the Commission may at its discretion suspend or revoke a license, provided that no license shall be revoked except upon the approval of the majority of all members of the Commission.
In event the Commission finds after notice and hearing that any licensee has violated any of the provisions of this act, or any lawful rule or order of the Commission, which is made a ground for suspension or revocation of a license, the Commission may in lieu of the revocation of the license of said licensee assess a penalty against said licenses not to exceed Five Hundred Dollars ($500.00) for each separate offense. Each day's violation of such provision, rule, or order shall constitute a separate offense. The Commission may in lieu of suspending said license accept from the licensee payment of an amount not to exceed Fifty Dollars ($50.00) per day for each day for which suspension may be ordered as a penalty in lieu of such suspension and thereupon rescind the suspension. Failure of a licensee to pay all penalties so assessed within the time allowed by the Commission for the payment thereof, which shall in no case exceed ninety (90) days, shall, unless an appeal is taken as hereinafter provided, result in an automatic revocation of such licensee's license or licenses. Any penalties assessed by the Commission so remaining unpaid may be recovered by action in the name of the Commission in any county where the violation occurred, such action to be brought by the Attorney General.
It cannot be successfully asserted that this section gives the appellant Commission an *688 implied authority to place conditions on a licensee such as were attempted to be placed upon the appellee and particularly the condition found in paragraph 2(b) of the finding of fact and order. Nowhere in the Act can such authority for the appellant be found nor can it reasonably be implied. The briefs do not indicate nor has our investigation disclosed that this Court has heretofore been called upon to interpret section 4560-151 or any other section of the Mississippi Milk Commission Act in light of the question or issue involved in this case. We therefore must turn to the rules of statutory construction which have been developed in this and in other jurisdictions which have interpreted similar statutes.
No proposition of law is better established than that administrative agencies have only such powers as are expressly granted to them or necessarily implied and any power sought to be exercised must be found within the four corners of the statute under which the agency proceeds. American Brass Co. v. Wisconsin State Bd. of Health, 245 Wis. 440, 15 N.W.2d 27 (1944). Being a creature of the legislature, the Milk Commission is an agency with powers limited to those described in the statutes concerning it and when the statute is clear and unambiguous, the Court must apply the statute as written without the addition or deletion of any provision. The rule, therefore, is that an administrative agency is authorized to act only when and in the manner so provided by the legislature through the appropriate statutes. Crosby v. Barr, 198 So.2d 571 (Miss. 1967); L. & A. Constr. Co. v. McCharen, 198 So.2d 240, cert. denied 389 U.S. 945, 88 S.Ct. 310, 19 L.Ed.2d 301 (Miss. 1967); South Mississippi Airways v. Chicago & Southern Airlines, 200 Miss. 329, 26 So.2d 455 (1946); Edgerton v. Int'l Co., 89 So.2d 488 (Fla. 1956).
Another rule of statutory construction which the courts have found applicable to administrative agencies is that statutes which are in derogation of the common law shall be strictly construed against the limiting of the common law. L. & A. Constr. Co. v. McCharen, supra; Connecticut Chiropody Soc'y, Inc. v. Murray, 146 Conn. 613, 153 A.2d 412 (1959); Sellers v. Bles, 198 Va. 49, 92 S.E.2d 486 (1956); Hart v. Board of Examiners of Embalmers, 129 Conn. 128, 26 A.2d 780 (1942).
The same results would be reached under the similar rule of statutory construction employed by the courts that penal statutes should be strictly construed against the governmental body attempting to enforce a penalty, and a licensing statute which provides for revocation of the license upon the failure of the licensee to comply with its terms is a penal statute. As always, the courts should try to interpret the statute so as to implement the legislative intent, but provisions imposing penalties for failure to comply with the licensing requirement should be strictly construed against the state or licensing authority and liberally construed in favor of those against whom it is sought to impose the penalty. Mississippi Ins. Comm'n v. Savery, 204 So.2d 278 (Miss. 1967); Kelley v. Welborn, 217 Miss. 16, 63 So.2d 413 (1953); Mississippi State Bd. of Dental Examiners v. Mandell, 198 Miss. 49, 21 So.2d 405 (1945); Harris v. State, 179 Miss. 38, 175 So. 342 (1937); In Re Weathers, 159 Fla. 390, 31 So.2d 543 (1947); R.S. Blome Co. v. Ames, 365 Ill. 456, 6 N.E.2d 841 (1937); Burley v. City of Annapolis, 182 Md. 307, 34 A.2d 603 (1943); State ex rel. Atkins v. Missouri State Bd. of Accountancy, 351 S.W.2d 483 (Mo. App. 1961); Robinson v. Missouri Real Estate Comm'n, 280 S.W.2d 138 (Mo. App. 1955); Roberts v. State Bd. of Embalmers and Funeral Directors, 78 N.M. 536, 434 P.2d 61 (1967); State ex rel. Oklahoma State Bd. of Embalmers and Funeral Directors v. Guardian Funeral Home, 429 P.2d 732 (Okl. 1967).
The authorities clearly indicate that Mississippi Code 1942 Annotated section *689 4560-151 (Supp. 1968) is a penal statute and that it must be strictly construed against the Commission's attempt to order any actions in connection with the revocation of appellee's license which are not clearly authorized by the language of the statute. Any doubt must be resolved in favor of the appellee against the validity of the Commission's order. Thus, since section 4560-151 states only that the Commission can revoke appellee's license and in lieu of revocation assess a monetary penalty, the portion of the Commission's order seeking to impose conditions is an unauthorized attempt by the Commission to extend its powers. Another general rule of statutory construction which would require that Mississippi Code 1942 Annotated section 4560-151 (Supp. 1968) be strictly construed is that licensing and taxing statutes must be interpreted strictly. Craig v. Southern Bell Tel. & Tel. Co., 208 Miss. 881, 45 So.2d 732 (1950); Arkansas State Licensing Bd. for Gen. Contractors v. Lane, 214 Ark. 312, 215 S.W.2d 707 (1948). And yet another rule which is applicable to the statutory construction of the case at bar is: "Expressio unius est exclusio alterius"  expression of one thing is the exclusion of another. State ex rel. Whall v. Saenger Theatres Corp., 190 Miss. 391, 200 So. 442 (1941); Tepper Bros. v. Buttross, 178 Miss. 659, 174 So. 556 (1937). Finally, under Mississippi Code 1942 Annotated section 4560-151 (Supp. 1968) and due to the fact of the impending demise of the Mississippi Milk Commission there is no valid reason or need for adding the implied power to create alternatives into the statute. The legislature did not intend this and it would be error for this Court to so allow this implied power to be added to the construction of the statute. South Mississippi Airways v. Chicago & S. Airlines, supra; Johnson v. Correll, 332 S.W.2d 843 (Ky. 1963); State Bd. of Milk Control v. Richman Ice Cream Co., 117 N.J. 296, 175 A. 796 (1934); Safeway Stores, Inc. v. State Bd. of Agriculture, 198 Or. 43, 255 P.2d 564 (1953); Cabell v. Cottage Grove, 170 Or. 256, 130 P.2d 1013 (1942); Green v. Milk Control Comm'n, 340 Pa. 1, 116 A.2d 9 (1940); Safeway Stores v. Milk Comm'n, 197 Va. 69, 87 S.E.2d 769 (1955).
Although Senate Bill No. 1795 of the 1970 Regular Session, which would have amended and perpetuated the Mississippi Milk Commission Act beyond June 30, 1970, was permitted to die on the calendar, the law is still operative until June 30, 1970, and prosecutions which are pending on said date are subject to action. It is still the law and we must render our decision.
For the foregoing reasons paragraph 2(b) is held to be unreasonable, arbitrary and capricious. This capriciousness is clearly reflected in the contention of appellant's brief that the Commission could require appellee to run around the block three times at 8:00 A.M. every day, and it would make no difference if he has a free and voluntary choice to make between the unreasonable alternative and the one which is reasonable and expressly authorized by statute. The reasoning of the appellant is fallacious for the reason that the choice between two valid alternatives and an invalid one does not validate the invalid one because of its association with the two valid ones or the fact that it is not chosen. The invalid one is still invalid and illegal.
The decision of the chancellor is affirmed and paragraph 2(b) of the finding of fact and order of the Mississippi Milk Commission is held invalid and is hereby reversed. This cause is hereby remanded to the Mississippi Milk Commission for the express purpose of having that Commission delete from said finding of fact and order paragraph 2(b) thereof.
Affirmed and remanded.
ETHRIDGE, C.J., and RODGERS, JONES and INZER, JJ., concur.