## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 96-CC-00921-SCT

*CLANCY'S LAWN CARE & LANDSCAPING, INC.*

*v.*

*MISSISSIPPI STATE BOARD OF CONTRACTORS*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/09/96 |
| TRIAL JUDGE: | HON. GLENN BARLOW |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | WILLIAM HARVEY BARTON |
| ATTORNEY FOR APPELLEE: | TOMMIE S. CARDIN |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES (OTHER THAN WORKERS' COMPENSATION) |
| DISPOSITION: | AFFIRMED - 12/8/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 12/31/97 |

**BEFORE SULLIVAN, P.J., SMITH AND MILLS, JJ.**

**SMITH, JUSTICE, FOR THE COURT:**

¶1. Originally, this opinion was designated not for publication. A Motion for Reconsideration of Non-Publication was filed by the Appellee and the response was filed by the Appellant. Both parties asked that the opinion in this appeal be published. Finding the motion to be well taken, we withdraw the unpublished opinion and substitute this one therefor.

¶2. Clancy's Lawn Care and Landscaping, Inc. (Clancy's) bid on a contract let by the City of Ocean Springs for maintenance work on land adjacent to U.S. Highway 90. When Clancy's did not get the job it sued, stating that under Miss. Code Ann. § 31-3-15 no such contract could be awarded to a contractor who did not have a current certificate of responsibility, as the company awarded the bid did not. The Mississippi Board of Contractors (Board) entered an order stating that (1) the City of Ocean Springs needed to make a determination under Rule 5 which classification of work covers at least 50% of the total cost of project; (2) if at least 50% of the project constitutes grounds maintenance, then a certificate of responsibility was needed; and (3) if at least 50% of the total cost of the project constitutes mowing and/or litter removal, then a certificate of responsibility was not needed.

¶3. Clancy's appealed the order of the Board to the Jackson County Chancery Court, and the court

affirmed the order of the Board. Clancy's now appeals to this Court and alleges (1) that the Board did not have the authority to determine that mowing and/or litter removal did not require the bidder to have a certificate of responsibility and (2) that the Appellee's Rule 5 allowing for a determination of whether the majority of the job in question was "contractor" work was in conflict with the statutes. The Board argues (1) that mowing and litter removal did not meet the statutory definition of "contractor" work under Miss. Code Ann. § 31-3-1, so that the requirement of a certificate of responsibility was not necessary and (2) that Rule 5 was a proper expression of its rule making authority.

## FACTS

¶4. On January 18, 1996, the City of Ocean Springs, Mississippi (City) issued a Request for Provisions (RFP) for certain work to be done along U.S. Highway 90 within the City. The RFP set forth specifications and provided that the work was for "US Highway 90 Landscaping Maintenance to Include Grass Maintenance". The scope of the work described by the RFP was to provide pruning, mulching, weeding, fertilizing, insecticide and fungicide treatment, plant replacement, mowing, trimming and litter removal.

¶5. The City published a legal notice of an invitation to bid on proposals for this work and accompanying the legal notice was the same language delineating the scope of work as set forth in the RFP. The City received at least two responses to the RFP, including one proposal from Clancy's in the approximate amount of $102,000 and one proposal from Your Personal Gardener (YPG) in the approximate amount of $57,000. At the time the bids were submitted, Clancy's had a valid certificate of responsibility issued by the Board with the classification of "Grounds Maintenance," and YPG did not have a certificate of responsibility issued by the Board.

¶6. The contract was initially awarded to YPG by the City, based on the Board's previous opinion on January 11, 1995, that no certificate of responsibility was required to do mowing or litter removal. On March 28, 1996, Clancy's filed an injunction lawsuit against the City and YPG. However, the injunction lawsuit was dismissed after all parties agreed to attend the quarterly meeting of the Board to seek a clarification of the Board's previous ruling on January 10, 1995 concluding that mowing and litter removal did not require a certificate of responsibility. Clancy's contended that under Miss. Code Ann. § 31-3-15 no such contract could be awarded to a contractor who did not have a current certificate of responsibility. After hearing evidence from both sides, the Board concluded (1) that work under the classification of Grounds Maintenance meets the definition of "contractor" in Miss. Code Ann. § 31-3-1 and therefore requires a certificate of responsibility issued by the Board and (2) that no certificate of responsibility is required to conduct mowing or litter removal, as neither of these activities meets the definition of "contractor".

¶7. Based on these conclusions, the Board entered an order that under Rule 5 of the Rules and Regulations of the Board (1) the awarding agency must make a determination of which classification of work covers at least 50% of the total cost of the project; (2) if at least 50% of the total cost of the project constitutes ground maintenance, then a certificate of responsibility is needed; and (3) if at least 50% of the total cost of the project constitutes mowing and/or litter removal, then a certificate of responsibility is not needed.

¶8. Clancy's appealed the order of the Board to the Jackson County Chancery Court. After review of

the record, the chancery court concluded that "the action taken by the Board was supported by substantial evidence, was not arbitrary of (sic) capricious, was within in (sic) the power of the Board to make, and did not violate any statutory or constitutional right of [Clancy's]." The chancery court further found that the Board was bound to follow Rule 5 of its Rules and Regulations and that it was within their authority to conclude that mowing and/or litter removal did not require a certificate of responsibility. Aggrieved by the chancery court's decision, Clancy's appeals to this Court and cites the following issue:

> **WHETHER THE CHANCERY COURT ERRED IN CONCLUDING THAT THE MISSISSIPPI STATE BOARD OF CONTRACTORS HAD THE AUTHORITY TO DETERMINE THAT MOWING AND/OR LITTER REMOVAL DID NOT REQUIRE A CERTIFICATE OF RESPONSIBILITY.**

## STANDARD OF REVIEW

¶9. This Court "has generally accorded great deference to an administrative agency's construction of its own rules and regulations and the statutes under which it operates." *Mississippi State Tax Comm'n v. Mask*, 667 So. 2d 1313, 1314 (Miss. 1995). *See, e.g.*, *Melody Manor Convalescent Ctr. v. Mississippi State Dept. of Health*, 546 So. 2d 972, 974 (Miss. 1989); *General Motors Corp. v. Mississippi State Tax Comm'n*, 510 So. 2d 498, 502 (Miss. 1987). Review by the trial court and this Court of orders of a state agency are limited by the arbitrary and capricious standard. *Mask*, 667 So. 2d at 1314-15 (*citing* *Mississippi State Tax Comm'n v. Dyer Inv. Co.*, *Inc.*, 507 So. 2d 1287, 1289 (Miss. 1987)). An appeal of an order of an administrative agency "should be to determine whether or not the order of the administrative agency '(1) was supported by substantial evidence, (2) was arbitrary or capricious, (3) was beyond the power of the administrative agency to make, or (4) violated some statutory or constitutional right of the complaining party.'" *Id.* at 1315 (*quoting Mississippi State Tax Comm'n v. Vicksburg Terminal, Inc.*, 592 So. 2d 959, 961 (Miss. 1991)). Furthermore, "[a] rebuttable presumption exists in favor of the administrative agency, and the challenging party has the burden of proving otherwise." *Sprouse v. Mississippi Employment Sec. Comm'n*, 639 So. 2d 901, 902 (Miss. 1994) (*citing United Cement Co. v. Safe Air for the Env't*, 558 So. 2d 840, 842 (Miss. 1990)).

## DISCUSSION OF LAW

> **WHETHER THE CHANCERY COURT ERRED IN CONCLUDING THAT THE MISSISSIPPI STATE BOARD OF CONTRACTORS HAD THE AUTHORITY TO DETERMINE THAT MOWING AND/OR LITTER REMOVAL DID NOT REQUIRE A CERTIFICATE OF RESPONSIBILITY.**

¶10. Clancy's alleges that the Board did not have the authority to determine that mowing and/or litter removal did not require a bidder to have a current certificate of responsibility. Clancy's contends that the Board's decision to not require a bidder to possess a certificate of responsibility to bid on a contract involving mowing and/or litter removal is in direct contradiction to a clear reading of Miss. Code Ann. § 31-3-15 (1990). Clancy's further claims that the Board had no basis to exclude mowing and/or litter removal from the purview of the statutes where the definition of "contractor" under Miss. Code Ann. § 31-3-1 is broad enough to cover everything not otherwise excluded by the

legislature. Clancy's finally asserts that this Court should overrule the chancery court's decision and find that mowing and/or litter removal public contracts which exceed $50,000 would require a valid certificate of responsibility to be bid upon because the Board's ruling that mowing and/or litter removal contracts are not within their control is arbitrary, capricious and without a logical foundation.

¶11. The Board contends that it acted well within its authority when it concluded that mowing and/or litter removal are not activities which meet the definition of "contractor" as set forth in Miss. Code Ann. § 31-3-1. The Board asserts that it would make "no sense whatsoever that the legislature [would] give the Board the significant responsibility of setting forth requirements for certificates of responsibility and rules and regulations pertaining to all other matters concerning certificates of responsibility, but would deny it the authority to determine whether someone meets the definition of "contractor" under § 31-3-1." The Board further asserts that "[n]othing about the Board's Findings of Fact and Conclusions of Law was unreasonable, arbitrary or capricious, beyond its power to make or violative of any statutory or constitutional right of Clancy's."

¶12. We have consistently held that "administrative agencies have only such powers as are expressly granted to them or necessarily implied, and any such power exercised must be found within the four corners of the statute under which the agency operates." *Strong v. Bostick*, 420 So. 2d 1356, 1361 (Miss. 1982). *See, e.g.*, *Wilkerson v. Mississippi Employment Sec. Comm'n*, 630 So. 2d 1000, 1001 (Miss. 1994); *State ex rel. Pittman v. Mississippi Pub. Serv. Comm'n*, 538 So. 2d 367, 373 (Miss. 1989); *Mississippi Milk Comm'n v. Winn-Dixie Louisiana, Inc.*, 235 So. 2d 684, 688 (Miss. 1970). If the administrative agency exercises power that is not expressly granted by the legislature or can not be necessarily implied from the statutes granting power to the agency, then the agency's decision is void. *Wilkerson*, 630 So. 2d at 1001-02; *Mississippi Pub. Serv. Comm'n v. Columbus & Greenville Ry. Co.*, 573 So. 2d 1343, 1346 (Miss. 1990); *Farrish Gravel Co., Inc. v. Mississippi State Highway Comm'n*, 458 So. 2d 1066, 1068 (Miss. 1984). This Court has interpreted "necessarily implied" as referring "to a logical necessity and means that no other interpretation is permitted by the words of the instrument construed, and it has been defined as an implication which yields so strong a probability of intent that any intention to the contrary cannot be supposed leaving no room for doubt." *Columbus & Greenville Ry. Co.*, 573 So. 2d at 1346 (*citing Strong*, 420 So. 2d at 1361).

¶13. Miss. Code Ann. §§ 31-3-1 through 31-3-25 established the Mississippi State Board of Contractors. Section 31-3-2 provides the Board's declaration of purpose as follows:

> The purpose of Chapter 3, Title 31, Mississippi Code of 1972, is to protect the health, safety and general welfare of all persons dealing with those who are engaged in the vocation of contracting and to afford such persons an effective and practical protection against incompetent, inexperienced, unlawful and fraudulent acts of contractors.

Miss. Code Ann. § 31-3-2 (1990). Section 31-3-13 bestows upon the Board the following powers and duties:

> The board shall have the following powers and responsibilities:

> (a) To receive applications for certificates of responsibility, to investigate and examine

applicants for same by holding hearings and securing information, to conduct examinations, and to issue certificates of responsibility to such contractors as the board finds to be responsible. . . .

\* \* \*

(f) **To adopt rules and regulations setting forth the requirements for certificates of responsibility, the revocation or suspension thereof, and all other matters concerning same**; rules and regulations governing the conduct of the business of the board and its employees; and such other rules and regulations as the board finds necessary for the proper administration of this chapter, including those for the conduct of its hearings on the revocation or suspension of certificates of responsibility. Such rules and regulations shall not conflict with the provisions of this chapter.

(g) **The board shall have the power and responsibility to classify the kind or kinds of works or projects that a contractor is qualified and entitled to perform under the certificate of responsibility issued to him**. Such classification shall be specified in the certificate of responsibility. . . .

Miss. Code Ann. § 31-3-13(a), (f), (g) (1990) (emphasis added). Section 31-3-15 further requires that:

**No contract for public or private projects shall be issued or awarded to any contractor who did not have a current certificate of responsibility** issued by said board at the time of the submission of the bid, or a similar certificate issued by a similar board of another state which recognizes certificates issued by said board. Any contract issued or awarded in violation of this section shall be null and void.

Miss. Code Ann. § 31-3-15 (1990) (emphasis added). Thus, it appears from the applicable statutes that the Board is vested with the responsibility and authority to promulgate the guidelines and procedures for contractors to follow with regard to obtaining and renewing certificates of responsibility. *See* Miss. Code Ann. § 31-3-13(f), (g) (1990).

¶14. Miss. Code Ann. § 31-3-1 defines the term contractor as "[a]ny person contracting or undertaking as prime contractor, subcontractor or sub-subcontractor of any tier to do any erection, building, construction, reconstruction, repair, maintenance or related work on any public or private project . . . ." Miss. Code Ann. § 31-3-1 (Supp. 1997). Under Rule 2(b) of the Rules and Regulations of the Mississippi State Board of Contractors, the Board issues certificates of responsibility to contractors in the following classifications: building construction; highway, street and bridge construction; heavy construction; municipal and public works construction; electrical work; mechanical work; and specialty. Code Miss. R. 50 023 001-2 (1997). The Board describes the specialty classification as a contractor performing work in any category other than the major classifications. *Id.* Rule 5 further requires:

When the total cost of a project is at least 50% of a particular classification of work, as determined by the awarding entity or its engineer, architect or other representative, the awarding entity shall allow the holder of the certificate of responsibility in that particular classification to bid on or enter into a contract to perform work on the project in its entirety.

*Id.* at 50 023 001-3.

**¶15.** Under section 31-3-13(f), the Board is granted the express authority "[t]o adopt rules and regulations setting forth the requirements for certificates of responsibility, the revocation or suspension thereof, and **all other matters concerning same**." Miss. Code Ann. § 31-3-13(f) (1990) (emphasis added). In addition, section 31-3-13(g) provides the Board with the "power and responsibility to classify the kind of works or projects that a contractor is qualified and entitled to perform under the certificate of responsibility issued to him." Miss. Code Ann. § 31-3-13(g) (1990). Therefore, we find that if the statute expressly grants the Board the authority to set forth the requirements for a certificate of responsibility and classify the kind of works that a contractor can perform under its certificate of responsibility, then it should be "necessarily implied", and a "logical necessity", that the Board also have the authority to determine what types of work require a contractor to obtain a certificate of responsibility.

¶16. The Board has established a classification of "Grounds Maintenance" as a specialty classification and that work under such classification meets the definition of "contractor" and therefore requires a certificate of responsibility issued by the Board. However, the Board has on two separate occasions determined that work consisting of mowing and/or litter removal was not of the type performed by a "contractor", as defined by section 31-3-1, such that a certificate of responsibility would be required.

¶17. Clancy's, on the other hand, contends that a clear reading of section 31-3-15 would prohibit the Board from determining what types of work performed by contractors would require a certificate of responsibility and that only the legislature could exempt certain areas of work from the requirement of a certificate of responsibility. However, Clancy's reliance on the language of section 31-3-15 is misplaced and skips the logical conclusion that the Board has the authority to determine what areas of work require a certificate of responsibility. Section 31-3-15 provides that "[n]o contract for public or private projects shall be issued or awarded to any contractor who did not have a current certificate of responsibility issued by said board . . . ." Miss. Code Ann. § 31-3-15 (1990). Clancy's reliance on the clear language of section 31-3-15 assumes that all areas of work require a certificate of responsibility by a contractor. This view, however, fails to take into consideration the scenario that if the Board has determined that the particular area of work does not require a certificate of responsibility, then, likewise, a bidder would not have to possess a certificate of responsibility to bid on a public contract involving that type of work. Therefore, we find that where the Board, within its statutory authority, has determined that a classification of work does not require a certificate of responsibility, then section 31-3-15 does not prevent a contract being issued to a bidder on a public or private contract involving work in which a certificate of responsibility is not necessary.

¶18. Furthermore, Clancy's has failed to overcome the rebuttable presumption in favor of the Board's decision and satisfy its burden of proof showing that the Board's decision was unsupported by any substantial evidence, was arbitrary or capricious, or violated some statutory or constitutional right. *Sprouse v. Mississippi Employment Sec. Comm'n*, 639 So. 2d 901, 902 (Miss. 1994) (*citing **United Cement Co. v. Safe Air for the Env't***, 558 So. 2d 840, 842 (Miss. 1990)). As a result, we find that this assignment of error is without merit.

## CONCLUSION

¶19. Administrative agencies are restricted by the statutes creating them in terms of what authority

they have to carry out their delegated responsibilities. It is well settled that agencies may act within the authority expressly granted to them by the legislature and "necessarily implied" from the applicable statutes to effectively carry out their duties and responsibilities. *See, e.g.*, ***Wilkerson v. Mississippi Employment Sec. Comm'n***, 630 So. 2d 1000, 1001 (Miss. 1994); ***State ex rel. Pittman v. Mississippi Pub. Serv. Comm'n***, 538 So. 2d 367, 373 (Miss. 1989); ***Mississippi Milk Comm'n v. Winn-Dixie Louisiana, Inc.***, 235 So. 2d 684, 688 (Miss. 1970). Miss. Code Ann. § 31-3-13(f) grants the Board the authority "[t]o adopt rules and regulations setting forth the requirements for certificates of responsibility, the revocation or suspension thereof, and **all other matters concerning same**." Miss. Code Ann. § 31-3-13(f) (1990) (emphasis added). We hold that it is "necessarily implied" from section 31-3-13(f) that in order to determine the requirements for a certificate of responsibility for a particular area of work, the Board must also possess the authority to determine what classifications of work require a certificate of responsibility. Therefore, we affirm the chancery court's decision that it was within the authority of the Board to determine that mowing and/or litter removal contracts do not require a certificate of responsibility.

¶20. **JUDGMENT AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, ROBERTS AND MILLS, JJ., CONCUR. McRAE, J., NOT PARTICIPATING.**