NEVADA EQUITIES, INC., a Nevada Corporation; and THE HOME INDEMNITY COMPANY, a Corporation, Appellants, v. WILLARD PEASE DRILLING COMPANY, a Colorado Corporation, Qualified to do Business in the State of Nevada, Respondent.

No. 5442

April 30, 1968                                    440 P.2d 122

*Wiener, Goldwater and Galatz* and *J. Charles Thompson,* of Las Vegas, for Appellants.

*Morse and Graves,* of Las Vegas, and *Dufford, Ruland, Uhrlaub and Williams,* of Grand Junction, Colorado, for Respondent.

## OPINION

By the Court, THOMPSON, C. J.:

This appeal by Nevada Equities and its indemnitor, The Home Indemnity Company,[1] is from a judgment for $32,565 in favor of Willard Pease Drilling Co., which sum was found to be the balance due on a well drilling contract. The main issue is whether the drilling company is precluded from maintaining suit since, according to the appellants, it did not hold necessary licenses.

The object of the well drilling contract was to explore for hot mineral water of an artesian nature. The drilling company was to deepen a 2,000-foot hole at the well site to a depth of 6,500 feet. Drilling operations were commenced and continued to a depth of 6,993 feet, when a "twist-off" occurred halting further drilling. The finding of water was not a condition of payment. Indeed, apart from the licensing issue, it is conceded that substantial evidence otherwise supports the judgment.

1. Our statutory law governing contractors generally, NRS Chap. 624, provides that one acting in the capacity of a contractor may not maintain an action to recover compensation in the courts of Nevada without alleging and proving that he was a duly licensed contractor as required by *"this chapter"* at all times during the performance of the contract. NRS 624.320 (italics supplied). The State Contractors' Board is designated as the licensing authority.

---

[1] Home Indemnity is a party since it gave bond to discharge a mechanic's lien filed by the drilling company against the property of Nevada Equities.

Willard Pease Drilling Co. held a contractors' license issued by that Board, classification A6, for oil and gas well drilling. In addition, it was licensed as a water well driller under NRS Chap. 534.[2] However, it did not secure the specialty contractors' license described in the Rules and Regulations promulgated by the State Contractors' Board, classification C23a, which NRS 534.140(7) seems to require.[3] Thus, the narrow question presented is whether Willard Pease Drilling Co. is barred from bringing suit by reason of NRS 624.320, simply because, although licensed as a water well driller, it did not hold a specialty license (classification C23a) from the State Contractors' Board. We agree with the district court that, in these circumstances, the drilling company is not barred.

Initially, we note that the bar to the maintenance of an action for compensation (NRS 624.320) precludes contractors who are not licensed under that chapter. The claimant was licensed under that chapter. A comparable provision does not appear in Chapter 534 relating to water well drillers. The penalty therein provided is fine, imprisonment, or both. NRS 534.190. When the statute provides for sanctions other than forfeiture of the right to sue on the contract, an unlicensed person is not precluded from maintaining an action to recover on the contract. Douglas Lumber Co. v. Chicago, 43 N.E.2d 535 (Ill. 1942); Moglen v. Gasper, 158 N.Y.S.2d 171 (1956); Lusardo v. Harper, 116 N.Y.S.2d 734 (1950). Cf. Magill v. Lewis, 74 Nev. 381, 333 P.2d 717 (1958), where an unlicensed contractor was allowed recovery on a theory of fraud and unjust enrichment, but not on the contract.

---

[2]NRS 534.140(1) provides: "Every well driller, before engaging in the physical drilling of a well in the State of Nevada for development of water, shall annually make application to the state engineer for a license to drill."

[3]NRS 534.140(7) reads: "Before engaging in the physical drilling of a well in this state for the development of water, every well driller * * * shall obtain a license as a well driller from the state contractors' board."

Classification C23a of the Rules of the Board reads: "A well drilling contractor is a specialty contractor whose principal contracting business is the execution of contracts requiring some practical elementary knowledge of geology, hydrology, the occurrence of water in the ground, water levels in wells, the prevention of surface and subsurface contamination and pollution of the ground-water supply; and the art, ability, experience, knowledge, science, and skill to intelligently bore, drill, excavate, case, cement, clean and repair water-wells; or to do any, or any combination of any, or all such boring, drilling, excavating, casing, cementing, cleaning and repairing with hand or powered tools or rigs."

2. Next, the claimant substantially complied with the licensing scheme under both chapters. It is not suggested that Willard Pease Drilling Co. was wanting in experience, financial responsibility, or indeed, in any particular detrimental to the safety and protection of the public. It had passed the scrutiny of the Contractors' Board in these respects and was issued a license. We shall not condone a forfeiture in the absence of any ascertainable public policy requiring us to do so. Latipac, Inc. v. Superior Court, 411 P.2d 564 (Cal. 1966).

3. Finally, we mention that the record in this case contains nothing to indicate that the techniques of drilling for water differ substantially from those employed in drilling for oil and gas. No contention is made that because the drilling company was licensed to drill for oil and gas the techniques utilized were incompetent to drill for water. The lower court found that the drilling company had performed in acceptable fashion, and that finding is not challenged.

We deem other assigned errors to be equally without merit. Affirmed.

COLLINS, ZENOFF, BATJER, and MOWBRAY, JJ., concur.