ALEX A. ROBKEN, APPELLANT, v. RAYMOND MAY and ROBERT MAY, RESPONDENTS.

No. 5481

July 2, 1968                                   442 P.2d 913

*Hibbs, Roth & Bullis,* of Reno, for Appellant.

*Winne and Sheehan,* of Carson City, for Respondents.

*Streeter, Sala & McAuliffe,* of Reno, Amicus Curiae, for Nevada State Board of Architecture.

## O P I N I O N

By the Court, ZENOFF, J.:

Robken, a licensed general contractor, orally agreed with Raymond and Robert May to prepare and submit plans and specifications for a proposed auto service center to be constructed in Carson City. He would receive three percent of the cost of construction as compensation for preparing the plans and specifications and would have the opportunity to bid for the construction job. After preparing the blueprints he was paid $1,686 but the May brothers refused further payment of the balance of $1,760 and demanded return of the monies already paid because they said they learned that Robken was not a licensed architect under NRS Chapter 623 nor was he exempt thereunder and that the plans were of no value to them anyway for various reasons.

The trial court granted summary judgment in favor of the Mays when Robken sued for the balance he claimed due under their agreement. Since the judgment was founded solely on Robken's failure to have an architect's license our discussion is confined to that issue. [1]

In Nevada Equities, Inc. v. Willard Pease Drilling Co., 84 Nev. 300, 440 P.2d 122 (1968), we recently ruled that when a statute provides for sanctions other than a forfeiture of the right to sue on the contract, an uncertified or unlicensed person is not precluded from maintaining an action to recover on the contract. Cf. Magill v. Lewis, 74 Nev. 381, 333 P.2d 717 (1958).

Chapter 623 of the Nevada Revised Statutes relating to architects recites that failure to comply with the provisions of that chapter shall constitute a misdemeanor. Injunctive relief is also made available to restrain anyone from engaging in any

acts or practices which constitute an offense under that chapter. *Pease* is controlling.

The penalty provisions in regulatory laws are essentially expressions of legislative will and the prohibition against suing in the courts is not present in NRS Chapter 623. Had the legislature intended a violation of this chapter to cause a forfeiture of the right to sue on a contract for architectural services it would have expressly so provided as it did in NRS 624.320 in dealing with unlicensed contractors.

We reverse and remand for further proceedings.

THOMPSON, C. J., COLLINS, BATJER, and MOWBRAY, JJ., concur.