CARDAN OVERSEAS, LTD., a Nevada Corporation, Appellant, *v*. GENE HARRIS, dba HARRIS PLUMBING AND HEATING, Respondent.

No. 8041

January 28, 1976                    544 P.2d 1202

*Diehl, Recanzone, Evans and Smart,* of Fallon, for Appellant.

*Johnson & Belaustegui,* of Reno, for Respondent.

## OPINION

*Per Curiam:*

Cardan Overseas, Ltd. and Gene Harris (doing business as Harris Plumbing and Heating) entered into an oral agreement in May of 1972. Harris, a plumbing subcontractor, agreed to furnish certain labor and materials to Cardan, a general contractor, who at that time was engaged in the construction of housing for military personnel at the Fallon Naval Station. Both parties agreed that until a formal contract was executed compensation would be determined on a cost-plus basis.

Harris performed pursuant to the oral agreement for several weeks at which point negotiations with Cardan broke down. The two could not arrive at a mutually satisfactory contract for completing the project and Harris removed his men and supplies from the jobsite. Thereafter, Harris mailed a statement to Cardan requesting payment in the amount of $5,397.02. Cardan refused and a lawsuit followed.

The lower court awarded judgment in favor of Harris in the amount of $3,124.37 and denied certain counterclaims interposed by Cardan. On appeal, it is contended that the award was excessive and that the denial of one of Cardan's counterclaims was improper.

1. We agree that the award in favor of Harris was excessive. Below, the court concluded that the May 1972 agreement provided that Harris would receive compensation at the rate of $15.71 for each manhour of work supplied by him. The only evidence in that regard is a billing statement mailed to Cardan by Harris which was prepared by Harris' wife who was not a

party to the negotiations.[1] The record indicates that Mrs. Harris arrived at the $15.71 rate by applying the cost-plus formula but that she mistakenly included certain items of cost more than once in her calculations.

The evidence is undisputed as to the fact that both parties agreed that the amount of compensation provided in the oral contract was cost plus an additional 15 percent. With regard to the $15.71 rate, the evidence is confusing and conflicting and is too insubstantial to support a conclusion that both parties agreed thereto.[2]

Acknowledging the rule that an appellate court will not disturb a judgment of a lower court so long as it is supported by conflicting evidence, it is observed that the instant case does not fall within the ambit of that rule but is governed instead by another rule: Where there is no conflict in the evidence on a given material point and the decision of the lower court contradicts such evidence, the reviewing court is bound to take remedial action. Price v. Sinnott, 85 Nev. 600, 460 P.2d 837 (1969). The rule which directs affirmance of the decision of the lower court where the evidence is conflicting is not applicable where, as here, the evidence supporting the decision " 'is so weak and inconclusive as not to raise a substantial conflict with that produced against it.' " Valverde v. Valverde, 55 Nev. 82, 26 P.2d 233 (1933).

Because the decision of the lower court is supported only by unsubstantial conflicting evidence it must be modified to conform to the evidence which is nonconflicting. The record

---

[1]Harris sent his first statement reflecting the $15.71 rate on June 6 which was received by Cardan on June 9. The total amount of the bill was $6,095.48. Meanwhile, Cardan had sent Harris a check for $6,000.00 which was received on June 9. The trial court mistakenly viewed Cardan's payment as acquiescence to the $15.71 rate. Cardan's payment could not possibly constitute evidence of such acquiescence for the simple reason that Harris' bill was not received until after the $6,000.00 check had been drafted and mailed.

[2]Harris testified that he thought the rate was approximately $17.00 to $18.00 per hour. Cardan presented testimony indicating that it thought the rate to be $12.95 per hour. It is significant that neither party remembers a specific rate, if any, agreed upon but both remember that Harris was to receive reimbursement for his costs plus an additional 15 percent. A review of the record suggests that if, in fact, any specific rate was agreed upon, it was intended as a ceiling above which Harris would receive no compensation.

reveals that Harris incurred a total of $6,531.77 in costs while working for Cardan. Adding 15 percent, the figure is increased to $7,511.54. From that the sum of $6,000.00 is subtracted as compensation received by Harris from Cardan leaving the sum of $1,511.54 which remained owing to Harris. The judgment awarded by the lower court is accordingly reduced from $3,124.37 to $1,511.54.

2. Cardan also contends that the evidence adduced at trial in support of one of its counterclaims was of sufficient weight and substance as to render erroneous the trial court's denial thereof. Cardan produced evidence suggesting that, because of the condition in which Harris left the jobsite, approximately 60 hours of plumbers' time was required to sort and inventory plumbing material before further work could proceed. Conflicting evidence suggested that Harris treated the plumbing materials in accordance with commonly accepted plumbing practices.

The evidence in support of the trial court's decision denying Cardan's counterclaim is not "weak and inconclusive" and the rule followed by appellate courts when addressing lower court determinations supported by conflicting evidence, discussed but found not applicable above, applies. Lagrange Construction, Inc. v. Kent Corp., 88 Nev. 271, 496 P.2d 766 (1972); Sherman Gardens Co. v. Longley, 87 Nev. 558, 491 P.2d 48 (1971); LeMon v. Landers, 81 Nev. 329, 402 P.2d 648 (1965).

Affirmed as modified.