RONALD J. DAY, Individually, and dba R.J. CONSTRUCTION COMPANY, and FRANK GONZALES, Appellants, v. WEST COAST HOLDINGS, INC., a Nevada Corporation, Respondent.

No. 15208

May 21, 1985     699 P.2d 1067

George R. Carter, Las Vegas, for Appellants.

Wiener, Waldman & Gordon and Bradley J. Richardson, Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Respondent West Coast Holdings, Inc. ("West Coast") filed a complaint against appellants (Ronald J. Day, individually, and dba R.J. Construction Company, and Frank Gonzales) ("R.J.") seeking recovery for breach of a landscaping contract, for slander of title, and to discharge a mechanic's lien. R.J. counterclaimed

seeking recovery for West Coast's breach of contract, or alternatively, unjust enrichment. The district court awarded R.J. damages but reduced and offset the original contract price.[1] The district court denied R.J. recovery for extra services and materials, prejudgment interest and costs. The district court found in West Coast's favor on its cause of action for slander of title but did not award any damages. This appeal and cross-appeal followed.

## THE FACTS

In March, 1982, Frank Gonzales, an employee of R.J., negotiated a subcontract for landscaping Newport Cove III, a condominium project, with West Coast's construction manager. Prior to the execution of the contract Gonzales informed West Coast that while R.J. did have a Nevada general contractor's license, it did not yet have a specialty landscaping license. On March 31, 1982, R.J. and West Coast executed the landscaping subcontract. The contract provided for R.J. to supply landscaping services and materials for a contract price of $78,000 with a completion date of April 15, 1982.

There was a nine-day delay attributable to West Coast before R.J. commenced work. R.J. began performance on April 9 and finished the work on May 17, 1982. Other than the initial nine days, West Coast did not excuse any other delays. There is no evidence that West Coast suffered any monetary damages as a result of any delays.

After completing its work on May 17, 1982, R.J. demanded payment for the balance due under the contract. West Coast refused. On May 21, 1982, R.J. filed a mechanic's lien claiming $44,311.20 as the balance due under the contract. West Coast filed suit and R.J. counterclaimed.[2]

## REDUCTION OF PROFIT AND OVERHEAD

In calculating the amount due R.J. under the contract, the district court reduced the contract price of $78,000 to $58,500 by deducting an amount attributable to R.J.'s 10% profit and 15% overhead. The district court stated that the basis for this reduction

---

[1]On appeal, R.J. contends that the district court erred in offsetting its damage award with the costs for additional plumbers provided by West Coast and the cost of the entire breakage and repair of concrete sidewalks. We reject these contentions. There is substantial evidence in the record to support this portion of the district court's decision. Brandon v. Travitsky, 86 Nev. 613, 472 P.2d 353 (1970).

[2]After filing suit, West Coast posted a bond to discharge the mechanic's lien and an amended lien subsequently filed by R.J. for costs for extra services and materials. The trial proceeded as an action for breach of contract and slander of title rather than as a lien foreclosure action.

was the unexcused delay by R.J. in completing the contract and R.J.'s tactics in filing an amended lien for extra services and materials. R.J. contends, and we agree, that the district court erred.

The only evidence of any pecuniary damage to West Coast due to faulty workmanship by R.J. was a repair estimate of $2,444. Further, the only damages ever claimed by West Coast for faulty performance was the repair estimate of $2,444. There is simply no evidence in the record that West Coast suffered any other damages. Where there is no substantial conflict in the evidence on any material point and the decision is manifestly contrary to the evidence, the reviewing court is bound to take remedial action. Avery v. Gilliam, 97 Nev. 181, 182, 625 P.2d 1166, 1168 (1981), Cardan Overseas, Ltd. v. Harris, 92 Nev. 62, 64, 544 P.2d 1202, 1203 (1976). The district court's reduction of the contract price by the 10% profit and 15% overhead is not supported by substantial evidence. This reduction may therefore not be sustained on appeal.

## EXTRA SERVICES AND MATERIALS

The district court found that the extra services and materials provided by R.J. to West Coast were gratuitous. R.J. contends, and we agree, that the district court erred in refusing to award R.J. the reasonable value of its extra services and materials.

At trial, uncontroverted testimony established that West Coast verbally requested R.J. to perform extra services and materials not covered within the original contract. Uncontroverted testimony also established that both parties understood that R.J. was not rendering these services and materials gratuitously. Where services are requested a presumption arises that the beneficiary promises to pay the reasonable value of the services. Checker, Inc. v. Zeman, 86 Nev. 216, 467 P.2d 100 (1970). Furthermore, the extra services were actually performed, extra materials provided, all of which benefited West Coast. Through its conduct West Coast accepted R.J.'s extra services and materials. The record reveals no evidence to even suggest that the additional services were gratuitous. The district court's ruling to this effect is clearly erroneous. Unionamerica Mtg. v. McDonald, 97 Nev. 210, 211, 626 P.2d 1272, 1273 (1981).

## PREJUDGMENT INTEREST

The district court awarded legal interest to R.J. as of the date of judgment. R.J. contends that the district court erred in not award-

ing prejudgment interest under the provisions of NRS 17.130. We agree.[3] There is no evidence supporting the district court's denial of prejudgment interest. R.J. was awarded judgment under the contract between the parties. The district court erred in failing to award prejudgment interest. Udevco, Inc. v. Wagner, 100 Nev. 185, 678 P.2d 679 (1984).

## FAILURE TO AWARD COSTS

The district court held that each party should bear its own costs. R.J. claims that NRS 18.020 is applicable and mandates the award of costs to R.J.[4]

In an action at law, not equity, the allowance of costs is mandatory and not subject to the court's discretion. *See* Randono v. Turk, 86 Nev. 123, 133, 466 P.2d 218, 224 (1970). R.J. was the prevailing party in an action on the contract and sought to and did recover more than $1,250. R.J.'s claim falls within the provisions of NRS 18.020. The district court erred in failing to award costs.

## THE CROSS-APPEAL

The district court held that NRS 624.320 did not preclude R.J. from recovering under the contract.[5] The court also found that

---

[3]NRS 17.130 provides in relevant part:

\* \* \* \* \*

2. When no rate of interest is provided by contract or otherwise by law, or specified in the judgment, the judgment draws interest at the rate of 12 percent per annum from the time of service of the summons and complaint until satisfied, except for any amount representing future damages, which draws interest at that rate only from the time of the entry of the judgment until satisfied.

[4]NRS 18.020 provides in relevant part:

Costs must be allowed of course to the prevailing party against any adverse party against whom judgment is rendered, in the following cases:

\* \* \* \* \*

3. In any action for the recovery of money or damages, where the plaintiff seeks to recover more than $1,250.

[5]NRS 624.320 provides:

No person, firm, copartnership, corporation, association or other organization, or any combination of any thereof, engaged in the business or acting in the capacity of a contractor shall bring or maintain any action in the courts of this state for the collection of compensation for the performance of any act or contract for which a license is required by this chapter without alleging and proving that such person, firm, copartnership, corporation, association or other organization, or any combination of any thereof, was a duly licensed contractor at all times during the performance of such act or contract and when the job was bid.

West Coast failed to prove any actual damages in its slander of title action. West Coast cross-appeals from these findings.

West Coast contends that NRS 624.320 precludes R.J. from recovering under the contract because they did not have a specialty landscaping license at the time the parties signed the contract. West Coast contends that enforcement of the contract is against public policy. We disagree.

This Court has recognized exceptions to the bar of NRS 624.320. *See* Nevada Equities v. William Pease Drilling, 84 Nev. 300, 440 P.2d 122 (1968) and Magill v. Lewis, 74 Nev. 381, 333 P.2d 717 (1958). Prior to the execution of the contract R.J. informed West Coast that they had an unlimited B-2 general contractor's license from the Nevada State Contractors' Board; that an application for a specialty landscaping license was pending. The Nevada State Contractors' Board advised West Coast that R.J. had a general contractor's license, but no specialty license. West Coast had full knowledge of R.J.'s status prior to the execution of the contract and knowingly and voluntarily entered into the contract. R.J. subsequently performed and completed their obligations under the contract to West Coast's benefit. R.J. was granted the specialty license shortly after the services were performed. Application of NRS 624.320 in the instant case would unjustly enrich West Coast. West Coast cannot claim the benefit of the contract and then seek to avoid its liability. The court correctly ruled that NRS 624.320 did not preclude R.J.'s recovery. *See* Nevada Equities, *supra.*

West Coast next contends that the court erred by refusing to award it damages for slander of title. Although the court found that the filing of the amended lien by R.J. constituted slander of title against West Coast's property, the court found that West Coast had failed to prove any actual damages. West Coast contends that the district court should have awarded damages for attorney's fees and for the costs it incurred in securing the bond it posted to discharge the liens.

The district court's award of attorney's fees as special damages is discretionary, not mandatory. *See* Summa Corp. v. Greenspun, 96 Nev. 247, 255, 607 P.2d 569, 574 (1980), *reh'g granted,* 98 Nev. 528 (1982). West Coast claimed special damages because of its failure to secure a loan. R.J. successfully refuted this claim at trial. West Coast never proffered a dollar amount for actual damages. Proof of special damages is an element of the action for slander of title. *Id.* at p. 254, 507 P.2d at p. 573. The court did not, therefore, abuse its discretion by failing to award West Coast its attorney's fees. *See* Hotel Riviera, Inc. v. Torres, 97 Nev.

399, 632 P.2d 1155 (1981). Since no damages were awarded to West Coast as a result of the lower court's finding of slander of title, it is unnecessary for this Court to consider whether the court's finding was error.

## CONCLUSION

We reverse and remand that part of the judgment below that reduces R.J.'s damages award by 10% profit and 15% overhead; that denies R.J. recovery for the reasonable value of the extra services and materials, and that denies R.J.'s prejudgment interest and costs. We remand with instructions to the district court to conduct a hearing to determine the amount of damages due R.J. under the contract. Additionally, the district court shall determine the reasonable value of the extra services and materials rendered by R.J., and award R.J. prejudgment interest and costs. The judgment of the district court is affirmed in all other respects.