CHRISTOPHER T. KOURAFAS, DBA THE ARCHITECT'S STUDIO, APPELLANT, *v.* BASIC FOOD FLAVORS, INC., A NEVADA CORPORATION, RESPONDENT.

No. 39842

CHRISTOPHER T. KOURAFAS, DBA THE ARCHITECT'S STUDIO, APPELLANT, *v.* BASIC FOOD FLAVORS, INC., A NEVADA CORPORATION, RESPONDENT.

No. 40195

April 28, 2004                                    88 P.3d 822

*Flangas McMillan Law Group, Inc.,* and *Gus W. Flangas* and *Ann E. Kolber,* Las Vegas, for Appellant.

*Schreck Brignone* and *Todd L. Bice* and *James J. Pisanelli,* Las Vegas, for Respondent.

*Brian Sandoval,* Attorney General, and *Charlotte M. Matanane Bible,* Chief Deputy Attorney General, Carson City, for Amicus Curiae Nevada State Board of Architecture, Interior Design and Residential Design.

Before SHEARING, C. J., ROSE and MAUPIN, JJ.

## OPINION

*Per Curiam:*

Appellant Christopher T. Kourafas, d/b/a The Architect's Studio, appeals from a district court order dismissing his complaint with prejudice. In his complaint, Kourafas alleged that he was entitled to payment for construction management services provided to respondent Basic Food Flavors, Inc. The district court agreed with Basic Food that Kourafas' complaint was defective because he did not allege that he had a contractor's license, and thus, he could not recover for construction management services. We disagree. We conclude that a contractor's license is not necessarily required to recover for construction management services. We further conclude that the issue of whether Kourafas provided construction management services is a question of fact to be determined by a jury.

Kourafas also appeals from a district court order awarding Basic Food attorney fees and costs as the prevailing party. Based on our conclusion that Kourafas' complaint was erroneously dismissed, the award of attorney fees and costs must be reversed.

### FACTS

Kourafas, a licensed architect, entered into a written agreement with Basic Food wherein he agreed to design a facility in North Las Vegas. Subsequently, Kourafas and Basic Food entered into a second agreement wherein Kourafas agreed to manage the construction of the facility he designed. In exchange for Kourafas' management services, Basic Food agreed to pay Kourafas ten percent of the construction cost for the project.

Basic Food paid Kourafas for his services under the first agreement, but refused to pay for services rendered under the second agreement. As a result, Kourafas filed a complaint for breach of

contract against Basic Food for failure to pay for construction management services rendered. Thereafter, Basic Food filed a motion to dismiss Kourafas' complaint pursuant to NRCP 12(b)(5), arguing that because Kourafas was not a licensed contractor, he had no right to maintain an action to recover for construction management services, and therefore, he had failed to state a claim upon which relief could be granted. The district court found that Kourafas' complaint was defective as a matter of law because Kourafas did not allege that he was a licensed contractor and that amending the complaint to include this fact would not cure the defect. The district court subsequently granted Basic Food's motion for attorney fees and costs pursuant to NRS 18.010.

## DISCUSSION

On appeal, Kourafas asserts that the district court erred in dismissing his complaint because (1) his managerial services fell within the scope of his architectural license; therefore, his lack of a contractor's license was not fatal to his complaint; and (2) even if he should have had a contractor's license, he would still be able to recover under a theory of unjust enrichment. Kourafas also argues that Basic Food was not entitled to an award of attorney fees and costs.

[Headnotes 1, 2]

We rigorously review a district court's dismissal of an action under NRCP 12(b)(5) for failure to state a claim.[1] In so doing, we regard all factual allegations in the complaint as true, and we draw all inferences in favor of the non-moving party.[2] We have recognized that ''[a] complaint should only be dismissed if it appears beyond a reasonable doubt that the plaintiff could prove no set of facts, which, if true, would entitle him to relief.''[3]

[Headnote 3]

We conclude that the district court erred in dismissing Kourafas' complaint because the scope of practice as an architect can include construction management; hence, Kourafas' lack of a contractor's license does not make his complaint defective.

NRS 623.017 defines an architect as ''any person who engages in the practice of architecture.'' NRS 623.023 states:

> The ''practice of architecture'' consists of rendering services embracing the scientific, esthetic and orderly coordination of processes which enter into the production of a completed

---

[1] *Hampe v. Foote,* 118 Nev. 405, 408, 47 P.3d 430, 439 (2002).

[2] *Id.*

[3] *Id.*

structure which has as its principal purpose human habitation or occupancy, or the utilization of space within and surrounding the structure, performed through the medium of plans, specifications, administration of construction, preliminary studies, consultations, evaluations, investigations, contract documents and advice and direction.

A contractor, on the other hand, is defined as "any person, *except a registered architect* or a licensed professional engineer, acting solely in his professional capacity" who, by himself or through another, performs any of a wide-ranging number of tasks on a construction project.[4] NRS 624.020(4) states that "[a] contractor includes a construction manager who performs management and counseling services on a construction project for a professional fee."

The fact that the definition of a contractor includes a construction manager and specifically excludes registered architects does not necessarily mean that an architect cannot perform construction management services for compensation. The definition of an architect under NRS 623.023 contemplates that an architect render "services embracing the scientific, esthetic and orderly coordination of processes which enter into the production of a *completed* structure." (Emphasis added.) The definition does not end at only preparing plans and specifications, which is what we ordinarily consider as the duties of an architect. An architect is authorized to collaborate in the construction project through completion of the structure. Our statute provides that an architect's authority includes "administration of construction" as well as providing "consultations, evaluation, investigations, contract documents and advice and direction." Thus, an architect can, if the contract so provides, continue to assist in any phase of construction pursuant to his licensure under NRS Chapter 623.

The threshold inquiry to determine whether Kourafas performed construction management services involves the nature of the tasks performed by Kourafas under the second agreement between Kourafas and Basic Food. This inquiry is fact-intensive and was not undertaken by the district court prior to dismissing Kourafas' complaint. Thus, it is impossible to determine whether any portion of the actual work performed by Kourafas constitutes construction management services that an architect cannot perform.

Additionally, there are certain situations when someone performing contractual services is not precluded from recovery due to

---

[4]NRS 624.020(2) (emphasis added).

the lack of a necessary license.[5] In *Day v. West Coast Holdings,*[6] a subcontractor (Day) informed a general contractor (West Coast) that it lacked a specialty landscaping license, which was required to perform the requested landscaping.[7] Nevertheless, West Coast commissioned Day to perform the desired work with full knowledge of Day's licensing deficiency.[8] After the work was completed, West Coast refused to pay pursuant to the contract, asserting that according to NRS 624.320, it had no duty to pay because Day lacked the license required to perform the landscaping for which it was requesting payment.[9] This court disagreed, noting that strict application of NRS 624.320 would result in unjust enrichment, and that West Coast could not ''claim the benefit of the contract and then seek to avoid its liability.''[10] Because West Coast was aware of Day's licensing deficiency at the time of entering into the contract, this court concluded that Day was not precluded from recovering for breach of contract.[11]

It cannot be determined from the face of the complaint whether Kourafas performed the tasks designated as construction management services under his architectural license. Likewise, it cannot be determined whether Basic Food was aware of Kourafas' lack of a contractor's license when the second agreement was executed. Therefore, there are factual issues remaining, and the district court erred in dismissing Kourafas' complaint. Because the district court erred in dismissing Kourafas' complaint, the award of attorney fees and costs must be vacated.

For the foregoing reasons, we reverse the district court's orders dismissing Kourafas' complaint and awarding attorney fees and costs to Basic Food, and we remand these matters to the district court for proceedings consistent with this opinion.

---

[5]*See, e.g., Day v. West Coast Holdings,* 101 Nev. 260, 699 P.2d 1067 (1985).

[6]*Id.* at 265, 699 P.2d at 1071.

[7]*Id.*

[8]*Id.*

[9]*Id.* at 265, 699 P.2d at 1070.

[10]*Id.* at 265, 699 P.2d at 1071.

[11]*Id.*