OPINION

Per Curiam:

The primary issue we decide is whether a real property purchase agreement is enforceable when it is executed by the buyer only because the seller would not perform under an earlier purchase agreement for a lesser price. We conclude that such a modified.agreement is not supported by consideration and is therefore unenforceable.

FACTS

On February 1, 2004, Lanlin Zhang entered into a contract to buy former realtor Frank Sorichetti’s Las Vegas home for $532,500. The contract listed a March closing date and a few household furnishings as part of the sale. On February 3, Sorichetti told Zhang that he was terminating the sale ‘ ‘to stay in the house a little longer,” and that Nevada law allows the rescission of real property purchase agreements within three days of contracting.[1] *1039 Sorichetti stated that he would sell the home, however, if Zhang paid more money. Zhang agreed. Another contract was drafted, reciting a new sales price, $578,000. This contract added to the included household furnishings drapes that were not listed in the February 1 agreement, and set an April, rather than March, closing date.
On February 16, 2004, Sorichetti notified Zhang that a murder had occurred in the home several years earlier, and that Zhang could cancel the contract if she desired. Zhang declined. When Sorichetti later rescinded the contract “to use and/or dispose of my home as I wish,” Zhang sued, seeking damages, declaratory relief and specific performance of the original contract. Zhang also recorded a notice of lis pendens against the real property. Sorichetti answered and counterclaimed for slander of title and abuse of process.
On Sorichetti’s NRCP 12(b)(5) motion, the district court dismissed Zhang’s complaint, reasoning that the parties had replaced the original contract with the February 3 contract by novation. Zhang unsuccessfully sought to amend her complaint to alternatively seek specific performance of the February 3 contract. The district court also ordered the notice of lis pendens expunged but stayed the order temporarily to allow Zhang to seek writ relief.
Zhang now seeks a writ of mandamus compelling the district court to reinstate her complaint, vacate the expungement order, and grant leave to amend the complaint. Zhang also seeks a writ of prohibition, barring the district court ‘ ‘from determining factual issues such as novation” until after discovery. We stayed the district court proceedings pending our review of Zhang’s petition.[2]

DISCUSSION

Extraordinary relief is generally unavailable when there is an adequate legal remedy, such as an appeal from a final jhdgment.[3] Here, although Zhang could appeal her complaint’s dismissal and notice of lis pendens’ expungement following the resolution of Sorichetti’s counterclaim,[4] such an appeal would be an inadequate *1040 remedy because Sorichetti could sell the real property to someone else before the district court enters a final appealable judgment. Only this court’s stay prevents the property’s transfer. Consequently, our review is warranted at this time.
When presented with an NRCP 12(b)(5) motion to dismiss for failure to state a claim, the district court must view all factual allegations in the complaint as true, and draw all inferences in favor of the nonmoving party.[5] Dismissal is appropriate only if it appears ‘ ‘beyond a reasonable doubt’ ’ that the plaintiff could prove no set of facts that would entitle her to relief.[6] On a petition for writ of mandamus, we review a dismissal order to determine if the district court manifestly abused its discretion.[7]
Zhang alleged in her complaint that, on February 3, Sorichetti announced that he would not sell his home under the February 1 contract because “he was not satisfied with the deal.” This allegation demonstrates an actionable anticipatory breach of contract, which is a “clear, positive, and unequivocal” repudiation of the duties arising under or imposed by agreement.[8] That Zhang subsequently agreed on February 3 to pay more money to obtain Sorichetti’s performance does not substitute the February 3 agreement in place of the February 1 agreement. As noted in Williston on Contracts:
Where two parties have entered into a bilateral agreement, it will often occur that one of the parties, having become dissatisfied with the contract, will refuse to perform or to continue performance unless he is promised or paid a greater compensation than that provided in the original agreement. . . . [T]he question arises whether the new [agreement to pay more money] is enforceable.
As a matter of principle, the second agreement must be held invalid, for the performance by the recalcitrant contractor is no legal detriment to him whether actually given or merely promised, since, at the time the second agreement was entered into, he was already bound to do the [performance]; *1041 nor is the performance or promise to perform under the second agreement a legal benefit to the promisor, since he was already entitled to have the [performance].[9]
This principle is commonly known as the preexisting duty rule and is recognized in Nevada.[10] Consequently, Zhang’s execution of the February 3 agreement does not relieve Sorichetti of liability under the February 1 agreement.
Additionally, the district court erred in ruling that the February 1 contract was replaced by the February 3 contract under the doctrine of novation.[11] Ordinarily, novation applies if the new agreement involves a substituted debtor or creditor as a new party.[12] Here, however, the parties to the February 1 and 3 agreements were the same. Even when novation is invoked in the absence of a new party, the new contract remains subject to the preexisting duty rule.[13] Thus, new consideration must be found if the February 3 agreement is to have any effect.
Contrary to Sorichetti’s suggestion, consideration for the February 3 agreement cannot be found in the purported rescission of the February 1 agreement. It is true that some courts have avoided the preexisting duty rule’s effect by finding new consideration unnecessary when contract modification follows rescission of the original contract.[14] But the better reasoned approach is articu *1042 lated in the Restatement (Second) of Contracts and Corbin on Contracts, which reject the notion that rescission of a contract that is executory on both sides supplies consideration for a simultaneous new agreement differing in terms of promised compensation.[15] These authorities reason that a contrary view requires a court to argue in “a circle” in order to support the new agreement, as “the validity of the new agreement depend[s] upon the rescission while the validity of the rescission depend[s] upon the new agreement.”[16] Further, the Restatement and Corbin express concern that overlooking the preexisting duty rule for a simultaneous rescission/modification might permit fraudulent or unfair modifications.[17]
The Iowa Supreme Court addressed these principles in Recker v. Gustafson,[18] In Recker, the issue was whether a $290,000 agreement for the sale of a farm was enforceable, given that the buyers later agreed to purchase the farm for $300,000.[19] The court declined to employ the fiction criticized by Corbin and the Restatement that allows increases in contract compensation without new consideration.[20] Instead, the court concluded that, as the new agreement arose solely from the seller’s desire for more money, rather than a wholesale rescission of the earlier sales agreement, the price increase was merely an attempted modification, unsupported by consideration.[21]
Recker is indistinguishable from the instant case. Zhang alleged in her complaint that the February 3 agreement originated from Sorichetti’s desire for more money, rather than any desire to end his dealings with Zhang. Consequently, consideration for the February 3 agreement cannot be found in the purported simultaneous rescission of the February 1 agreement. Nor can consideration be found elsewhere, as Zhang alleges in her complaint a lack of “additional consideration” to support the February 3 agreement.[22]
*1043 Consequently, in the context of NRCP 12(b)(5), we conclude that the February 3 agreement had no effect on the February 1 agreement, and therefore, the district court manifestly abused its discretion in dismissing Zhang’s complaint. We further conclude that, as Zhang’s complaint alleges viable claims concerning real property, the district court also manifestly abused its discretion in expunging Zhang’s notice of lis pendens.[23] Accordingly, we instruct the clerk of this court to issue a writ of mandamus directing the district court to reinstate Zhang’s complaint and to vacate its order expunging Zhang’s notice of lis pendens.[24]
To the extent that Zhang also requests a writ of prohibition barring the district court “from determining factual issues such as no-vation’ ’ until after discovery and a writ of mandamus compelling the district court to grant leave to amend the complaint, our issuance of a writ of mandamus directing the district court to reinstate Zhang’s complaint renders these requests moot.

Zhang contends that Sorichetti intentionally misrepresented the law. Under the federal Truth in Lending Act, a mortgagor may rescind a mortgage agreement within three days of the agreement’s consummation. 15 U.S.C. § 1635(a) (2000); 12 C.F.R. § 226.23(1) (2004).

Petitioner’s motion for leave to file a reply in support of the petition is granted. The clerk of this court shall file the reply provisionally received on August 30, 2004.

NRS 34.170; NRS 34.330; Dayside Inc. v. Dist. Ct., 119 Nev. 404, 75 P.3d 384 (2003).

See NRAP 3A(b)(l) (authorizing an appeal from a final judgment); Lee v. GNLV Corp., 116 Nev. 424, 426, 996 P.2d 416, 417 (2000) (clarifying that a “final judgment is one that disposes of all the issues presented in the case, and leaves nothing for the future consideration of the court, except for post-judgment issues such as attorney’s fees and costs”).

Kourafas v. Basic Food Flavors, Inc., 120 Nev. 195, 197, 88 P.3d 822, 823 (2004).

Id.

See Round Hill Gen. Imp. Dist. v. Newman, 97 Nev. 601, 637 P.2d 534 (1981).

Covington Bros. v. Valley Plastering, Inc., 93 Nev. 355, 360, 566 P.2d 814, 817 (1977); see also Bernard v. Rockhill Dev. Co., 103 Nev. 132, 734 P.2d 1238 (1987).

 3 Richard A. Lord, Williston on Contracts 569-73 (4th ed. 1992).

Id. at 569; see County of Clark v. Bonanza No. 1, 96 Nev. 643, 650-51, 615 P.2d 939, 944 (1980) (“Consideration is not adequate when it is a mere promise to perform that which the promisor is already bound to do.”); Walden v. Backus, 81 Nev. 634, 637, 408 P.2d 712, 714 (1965) (same).

 66 C.J.S. Novation § 2, at 484 (1998) (defining “novation” as “a substitution of a new contract or obligation for an old one which is thereby extinguished”).

 13 Sarah H. Jenkins, Corbin on Contracts 402 (Joseph M. Perillo ed., rev. ed. 2003); see, e.g., Jacobson v. Stern, 96 Nev. 56, 605 P.2d 198 (1980) (affirming district court’s finding that corporate promoter remained liable on contract because he had not been replaced by the corporation under the doctrine of novation).

 58 Am. Jur. 2d Novation § 16, at 530 (2002) (stating that “neither a promise to do that which the promisor is already bound to do, nor performance of an existing legal obligation constitutes valid consideration for a novation”); see, e.g., U.S. Home Acceptance v. Kelly Park Hills, 542 So. 2d 463, 464 (Fla. Dist. Ct. App. 1989) (observing that a promise to pay in installments funds already owed under a prior promise does not provide consideration to support a novation); cf. United Fire Ins. Co. v. McClelland, 105 Nev. 504, 508, 780 P.2d 193, 195 (1989) (recognizing that the “validity]” of the new contract is essential to novation).

 2 Joseph M. Perillo & Helen H. Bender, Corbin on Contracts 408 (rev. ed. 1995).

Id. at 408-09; Restatement (Second) of Contracts § 89, cmt. b (1981).

 2 Perillo & Bender, supra note 14, at 408.

Id. at 412; Restatement (Second) of Contracts § 89, cmt. b (1981).

 279 N.W.2d 744 (Iowa 1979).

Id. at 753.

Id. at 759.

Id.

To the extent that minor differences in the February 1 and February 3 agreements may present an issue concerning consideration, we are incapable of resolving such a factual dispute, see Round Hill Gen. Imp. Dist. v. Newman, 97 Nev. 601, 637 P.2d 534 (1981), and we note only that consideration is not valid unless it is bargained for and given in exchange for an act or promise. See Higgins v. Monroe Evening News, 272 N.W.2d 537, 543 (Mich. 1978); King v. Riveland, 886 P.2d 160, 164 (Wash. 1994), superseded by statute on other grounds as stated in In re Dependency of Q.L.M., 20 P.3d 465, 469 (Wash. Ct. App. 2003).

See NRS 14.015 (enforcing a notice of lis pendens when the action affects title to real property and was brought in good faith, and when the person recording the notice can perform conditions precedent to the relief sought, will be injured by transfer before completion of the proceedings, and is likely to prevail in the action or has a fair chance of success and will suffer a serious hardship if the property is transferred).

In light of this opinion, we vacate our stay.