**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MOHINDER SINGH, | No. 12-15242 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-00567-ECR-WGC |
| v. | |
| REX REED, Administrator of the Offender Management Division; ROGELIO A. HERRERA; JACK PALMER, Warden; HOWARD SKOLNIK, Director, NDOC; CRONE, Caseworker CCSI, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Edward C. Reed, Jr., Senior District Judge, Presiding

Submitted December 3, 2013[**]
San Francisco, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: GOULD and PAEZ, Circuit Judges, and HUFF, District Judge.[***]

Plaintiff-Appellant Mohinder Singh ("Singh") appeals the district court's order (1) enforcing a settlement agreement that resulted in the dismissal of his complaint, and (2) denying as moot his motion for leave to amend his complaint. We affirm.

Imprisoned after a DUI and classified as a medium security inmate due to a history of "sexual misconduct," Singh filed a 42 U.S.C. § 1983 complaint against various Nevada officials, alleging Fourteenth Amendment violations and challenging his custody classification. Singh alleged that his reclassification petitions were consistently denied without constitutional due process, such as a hearing or the opportunity to put on witnesses or produce documents detailing his eligibility for minimum custody.

On May 25, 2011, Singh told the State by letter that he would dismiss his complaint if provided with a "full classification hearing." On May 26, the State sought to "clarify the terms of a settlement . . . to resolve this dispute," offering Singh a "Full Classification Hearing," with "the opportunity to present documents and witnesses" in exchange for the dismissal of Singh's complaint. The State

[***] The Honorable Marilyn L. Huff, District Judge for the U.S. District Court for the Southern District of California, sitting by designation.

2

wrote: "If you accept this proposed settlement, please let me know and I will begin drafting the necessary documents." By letter dated May 31, Singh accepted the State's terms, writing: "I accept this proposed settlement and . . . you may begin to draft the necessary documents."

The State then drafted a settlement agreement that provided for (1) a full classification hearing, and (2) dismissal of Singh's complaint. Singh never signed the settlement agreement, which the State sought to enforce as a valid, binding, and enforceable contract. Applying Nevada contract law, the district court enforced the settlement agreement and denied as moot Singh's motion for leave to amend his complaint. The district court determined that Singh's May 31 letter "constituted an unambiguous acceptance of [the State's] counteroffer and therefore formed an enforceable contract between the parties." This appeal followed.

We review a district court's decision to enforce a settlement agreement for an abuse of discretion. *See Kirkland v. Legion Ins. Co.*, 343 F.3d 1135, 1140 (9th Cir. 2003). Similarly, we review a district court's decision to deny leave to amend a complaint for an abuse of discretion. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). Finally, the "construction and enforcement of settlement agreements are governed by principles of local law," even where the underlying cause of action is federal. *Jones v. McDaniel*, 717 F.3d 1062, 1067 (9th

3

Cir. 2013) (internal quotation marks omitted).  In Nevada, "a settlement agreement is a contract," and "its construction and enforcement are governed by principles of contract law."  *May v. Anderson*, 119 P.3d 1254, 1257 (Nev. 2005).

Singh argues that the district court abused its discretion in enforcing the settlement agreement for two reasons: (1) Singh never signed the agreement, and (2) the parties misunderstood each other.  We disagree.  Singh's signature was not a precondition to enforcement of the agreement.  Because the parties agreed in their letters upon the essential terms of the agreement—dismissal of Singh's complaint in exchange for a full classification hearing—"[t]he fact that [Singh] refused to sign . . . is inconsequential to the enforcement of the documented settlement agreement."  *Id.* at 1259.  Singh's argument that no contract could be formed because he did not sign the settlement agreement is simply not the law.  Also, Singh's alleged misunderstanding is a product of hindsight.  The State's May 26 letter told Singh it was "critical" for him to understand that the settlement would guarantee him not automatic reclassification, but rather "a Full Classification Hearing with the opportunity to present documents and witnesses."  Singh clearly and unequivocally accepted the State's May 26 counteroffer with his May 31 response: "I accept this proposed settlement and . . . you may begin to draft the necessary documents."

4

The parties' agreement was valid under Nevada law, which requires, "for an enforceable contract, an offer and acceptance, meeting of the minds, and consideration." *Id.* at 1257.[1] After Singh offered on May 25 to dismiss his complaint, the State's May 26 letter constituted a valid counteroffer. Singh's May 31 letter unequivocally accepted that counteroffer, and as an unqualified acceptance, it represented a meeting of the minds. *See Certified Fire Prot., Inc. v. Precision Constr., Inc.*, 283 P.3d 250, 255 (Nev. 2012) ("A meeting of the minds exists when the parties have agreed upon the contract's essential terms."). The State's counteroffer was also supported by consideration: In exchange for dismissal of Singh's complaint, the State offered to provide a full classification hearing; in exchange for that hearing, Singh offered to dismiss his complaint. *See Zhang v. Eighth Judicial Dist. Court*, 103 P.3d 20, 24 n.22 (Nev. 2004) (noting that consideration requires something that is "bargained for and given in exchange for an act or promise"), *abrogated on other grounds by Buzz Stew, LLC v. City of North Las Vegas*, 181 P.3d 670 (Nev. 2008). Both parties received something they wanted, and both gave up something in return.

---

[1] Singh's argument that, as a non-native English speaking inmate, he "is not equally situated to prison authorities [or] able to negotiate an arms length transaction," and therefore that "it is inappropriate to apply traditional contract principles" to his case, is unavailing. *See, e.g.*, *Jones*, 717 F.3d at 1066-69.

The district court's conclusion that an enforceable contract was formed by the parties' communications was part of the normal process by which district courts may recognize that disputing parties have settled a suit by their communications including offer, acceptance, adequate specificity, and mutual consideration. This was not an abuse of discretion.

Finally, the district court did not abuse its discretion when it denied as moot Singh's motion to amend his complaint. Singh's additional constitutional claims were precluded by enforcement of the settlement agreement, and this court "may affirm the district court's holding on any ground raised below and fairly supported by the record." *Columbia Pictures Indus., Inc. v. Fung*, 710 F.3d 1020, 1030 (9th Cir. 2013) (internal quotation marks omitted).[2] Under the terms of the settlement agreement, the State offered to hold a full classification hearing "[i]n exchange for dismissal of [Singh's] complaint." Thus, when the district court enforced the settlement agreement, it immediately (and by implication) dismissed Singh's complaint. That Singh sought to amend his complaint by adding two new

---

[2] The State argued in the district court that "[t]he filing of an amended complaint asserting claims arising out of the identical factual allegations would be futile because the amended complaint will be barred by preclusion doctrines following enforcement of the settlement." Because the State argued in the district court that preclusion barred Singh's amended complaint, we may rely on that doctrine.

6

constitutional claims is of no moment; because all of Singh's claims relate to his classification as a sex offender, all "could have been raised" in his initial complaint and all are precluded under principles of *res judicata*. *Allen v. McCurry*, 449 U.S. 90, 94 (1980).

**AFFIRMED.**