130 Nev., Advance Opinion 5

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| DTJ DESIGN, INC.,<br>Appellant,<br>vs.<br>FIRST REPUBLIC BANK, A NEVADA<br>CORPORATION,<br>Respondent. | No. 57165<br><br>**FILED**<br><br>FEB 1 3 2014<br><br>TRACIE K. LINDEMAN<br>CLERK OF SUPREME COURT<br>BY_____<br>CHIEF DEPUTY CLERK |

Appeal from a district court summary judgment, certified as final under NRCP 54(b), in a lien foreclosure action. Eighth Judicial District Court, Clark County; Timothy C. Williams.

*Affirmed.*

Martin & Allison, Ltd., and Noah G. Allison and Debra L. Pieruschka, Las Vegas,
for Appellant.

Gerrard Cox & Larsen and Douglas D. Gerrard and Gary C. Milne, Henderson,
for Respondent.

---

BEFORE THE COURT EN BANC.

*OPINION*

By the Court, PARRAGUIRRE, J.:

In this appeal, we address the registration requirements set forth in NRS 623.349(2) in the context of a foreign architectural firm's ability to bring or maintain an action in Nevada. We conclude that regardless of whether a foreign firm employs a registered architect, NRS 623.349(2) and NRS 623.357 mandate that the firm be registered in

14-04699

Nevada in order to maintain an action on the firm's behalf. Accordingly, we affirm the district court's judgment.

## FACTS AND PROCEDURAL HISTORY

Appellant Downing, Thorpe & James Design, Inc. (DTJ), is an architectural firm incorporated in Colorado. Thomas W. Thorpe is a professional architect and one of DTJ's three founding principals. In 1998, Thorpe sought reciprocity to practice in Nevada and submitted two applications to the State Board of Architecture (the Board). First, he submitted an "Application for Architect Registration," which would allow him to practice individually as a foreign architect. Second, Thorpe submitted an "Application for Registration of a Business and Firm Name Approval," which would allow DTJ to practice as a foreign corporation. Although the Board approved Thorpe's individual application for registration, there is no evidence that the Board ever received or approved DTJ's application to practice as a foreign corporation in Nevada.

In 2004, DTJ contracted with a Nevada developer to provide architectural services for a Las Vegas subdivision owned by Prima Condominiums, LLC (Prima). Prima obtained a $14 million loan from respondent First Republic Bank in exchange for a promissory note secured by a deed of trust on one of the subdivision's units, the Bergamo building. As additional security, First Republic demanded an assignment of all construction documents associated with the Bergamo building, including DTJ's architectural drawings. DTJ consented to the assignment in exchange for $350,000 of the loan proceeds. The parties agreed that in the event of foreclosure, First Republic's access to DTJ's plans was conditioned upon DTJ being paid in full for services completed to date. Prima subsequently defaulted on its payments.

In July 2008, DTJ recorded a notice of mechanic's lien against the property for unpaid services to date. In December 2008, First Republic foreclosed and purchased the property at a trustee's sale. DTJ then brought an action against First Republic for lien priority and unjust enrichment. The district court bifurcated the trial into two phases: lien priority (phase one) and lien valuation (phase two). After a hearing on phase one, the district court concluded that DTJ was a valid claimant with lien priority over First Republic's deed of trust.

Prior to phase two, First Republic moved for summary judgment, arguing that NRS 623.357 prohibited DTJ from maintaining its lien foreclosure action because DTJ had not properly registered as a foreign corporation under NRS 623.349(2) or satisfied the state's foreign corporation statutory filing requirements under NRS 80.010(1). First Republic also argued that DTJ's unjust enrichment claim lacked legal basis. The district court concluded that because DTJ had failed to comply with Nevada's statutory registration and filing provisions, DTJ was barred from maintaining an action against First Republic. The district court further concluded that there was no legal basis for DTJ's unjust enrichment claim, and it granted First Republic's motion for summary judgment. DTJ now brings this appeal.

## DISCUSSION

### Standard of review

This court reviews orders granting summary judgment de novo. *Day v. Zubel,* 112 Nev. 972, 977, 922 P.2d 536, 539 (1996). Summary judgment is appropriate if, when viewed in the light most favorable to the nonmoving party, the record reveals there are no genuine issues of material fact and the moving party is entitled to judgment as a

SUPREME COURT
OF
NEVADA

(O) 1947A

matter of law. *Pegasus v. Reno Newspapers, Inc.*, 118 Nev. 706, 713, 57 P.3d 82, 87 (2002).

*The district court properly concluded that DTJ was barred from maintaining its action against First Republic*

The district court concluded that DTJ failed to comply with the requirements of both NRS 623.349(2) and NRS 80.010(1). Noncompliance with either provision would preclude DTJ from bringing or maintaining an action in Nevada, and we begin by addressing the district court's application of NRS 623.349(2).

The practice of architecture in Nevada is governed by the provisions of NRS Chapter 623. NRS 623.357 provides that "[n]o person [or] firm . . . may bring or maintain any action . . . for the collection of compensation" for architectural services without first "alleging and proving that such plaintiff was duly registered under this chapter at all times during the performance of such act or contract." Accordingly, DTJ was required to plead and prove that it was properly registered pursuant to NRS Chapter 623 as part of its prima facie case seeking compensation for its architectural services.

With regard to the registration process, NRS 623.349 provides:

> 1. *Architects* . . . may join or form a partnership, corporation, limited-liability company or other business organization or association with registrants and licensees outside of their field of practice, *or with persons who are not registered or licensed,* if control and *two-thirds ownership of the business organization or association is held by persons registered or licensed in this State* pursuant to the applicable provisions of this chapter . . . .

> 2. If a partnership, *corporation* . . . or other form of business organization or association wishes

to practice pursuant to the provisions of this section, it must:

    (a) Demonstrate to the Board that it is in *compliance with all provisions* of this section.

    (b) Pay the fee for a certificate of registration pursuant to NRS 623.310.

    (c) Qualify to do business in this State.

(Emphases added).

On appeal, DTJ argues that the district court's application of NRS 623.349(2) was flawed because the statutory registration requirement applies only to natural persons and a corporation is incapable of registration. *See* NRS 623.190 (defining applicant as "[a]ny person who is at least 21 years of age . . . and who meets the requirements for education and practical training established by the Board"). We disagree, as NRS 623.349(2) expressly sets forth registration requirements applicable to corporations, and NRS Chapter 623's provisions otherwise apply to registrants as people and businesses, interchangeably. *See, e.g.*, NRS 623.357 ("No person, firm, . . . or other organization may bring or maintain any action" in Nevada without proof of registration); NRS 623.350(2) (referring to "a business organization or association which holds a certificate issued pursuant to NRS 623.349"). Thus, we conclude that NRS 623.349's registration requirements apply to foreign architectural firms.

Next, DTJ contends that NRS 623.349(2) does not preclude an unregistered *firm* from foreclosing on a lien for work that was performed by a registered *architect*.[1] This argument is unpersuasive.

---

[1]DTJ also argues that NRS 623.349(2) impermissibly conflicts with NRS 108.243, which allows a mechanic's lien to be assigned "in the same manner as any other chose in action." Because DTJ failed to raise this

*continued on next page...*

NRS 623.349(1) allows registered *architects* to partner with unregistered architects and form a business organization to practice in Nevada, so long as the registered architects satisfy a two-thirds ownership requirement. In order for a foreign *business* to operate as a separate entity in Nevada, it must satisfy the requirements found in NRS 623.349 by demonstrating to the Board that registered architects within the firm satisfy the two-thirds ownership provision under NRS 623.349(1), and that the business is qualified to do business in this state and has paid the requisite registration fee under NRS 623.349(2)(a)-(c). *See also* NRS 623.349(2)(d) and (e) (corporation and partnership requirements).

Here, the record shows that despite Thorpe's registration status, DTJ itself had not complied with NRS 623.349(2)'s provisions. Moreover, the Board's executive testified that it never received DTJ's application and that even if it had, the Board would have denied DTJ's request because Thorpe did not satisfy the two-thirds ownership requirement under NRS 623.349(1). Thus, Thorpe's individual status has no bearing on whether DTJ, a separate entity, may bring or maintain an action for compensation for its services.

Also, to the extent that DTJ argues that Thorpe should individually be able to foreclose on the lien as a registered architect, we disagree. The record shows that DTJ, not Thorpe, entered into the development contract, which was signed by Steven James as DTJ's principal-in-charge. James is not registered in Nevada, and Thorpe

---

*...continued*
argument in district court, we will not consider it on appeal. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981).

testified that he did not become coprincipal on the project with James until nearly a year after the development contract was signed.

Because NRS 623.357 expressly provides that business organizations must allege and prove that they have registered with the Board in order to maintain any action for collecting compensation for their services, we conclude that the burden was on DTJ to prove its registration status and that First Republic was not required to plead DTJ's failure to register as an affirmative defense. *Cf.* NRCP 9(a). Further, because the record shows that DTJ failed to comply with the provisions set forth in NRS 623.349(2), we conclude that NRS 623.357 prohibits DTJ from bringing or maintaining an action in Nevada for compensation for its architectural services and summary judgment in First Republic's favor was proper based solely on this ground.

In reaching this conclusion, we decline to revisit the district court's finding that DTJ similarly failed to satisfy the foreign corporation filing requirements of NRS 80.010(1). We further decline to revisit the district court's dismissal of DTJ's unjust enrichment claim for lack of a legal basis. Although the parties and the district court only addressed whether there was a legal basis for DTJ's unjust enrichment claim, we conclude that this claim is also barred by NRS 623.357 due to DTJ's failure to prove its registration status.

This conclusion is not altered by our holding in *Loomis v. Lange Financial Corp.*, 109 Nev. 1121, 1128, 865 P.2d 1161, 1165 (1993) (citing *Nev. Equities v. Willard Pease Drilling*, 84 Nev. 300, 303, 440 P.2d 122, 123 (1968)), which recognized a substantial compliance exception in addressing the viability of an unlicensed contractor's equitable causes of action in a contract claim. Although DTJ may have attempted to register in 1998, there is nothing in the record to suggest that the application was ever

received or approved, nor does the record show that DTJ ever attempted to remediate the situation. Rather, DTJ has been involved with at least four similar development projects over the past 15 years, despite its noncompliance with NRS 623.349. Accordingly, we conclude that the district court's dismissal was proper. *Id.; see also Interstate Commercial Bldg. Servs., Inc. v. Bank of Am. Nat'l Trust & Sav. Ass'n*, 23 F. Supp. 2d 1166, 1175 (D. Nev. 1998) (discussing the substantial compliance exception for an unlicensed contractor's equitable claims); *Hotel Riviera Inc. v. Torres*, 97 Nev. 399, 403, 632 P.2d 1155, 1158 (1981) ("If a decision below is correct, it will not be disturbed on appeal even though the lower court relied upon wrong reasons.")

_____, J.
Parraguirre

We concur:

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

SUPREME COURT
OF
NEVADA

(O) 1947A